IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 91-CR-0050-004-CVE |
| | ) | |
| RANDY GLOVER, | ) | USM Number: 06799-062 |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion to reconsider (Dkt. # 446), asking this Court to consider again its denial of defendant's § 3582(c)(2) motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Dkt. # 445). Defendant moved for modification of sentence, citing Amendment 484 as his basis for reduction of sentence. Defendant argued that, subsequent to sentencing, the United States Sentencing Commission revised the commentary to USSG § 2D1.1 regarding the meaning of the term "mixture or substance," expressly providing that this term does not include portions of a drug mixture that must be separated before the substance can be used. Defendant contended that consideration of this new definition would result in a reduction of his calculated guideline range. This Court found that although retroactive Amendment 484 was applicable, recalculation of drug quantities under the amendment resulted in no change in defendant's guideline sentencing range. Accordingly, defendant's motion was dismissed for lack of jurisdiction. See Dkt. # 445, at 4-8.

Defendant now moves for reconsideration, arguing that the Court's finding that Amendment 484 is applicable justifies an evidentiary hearing (and presumably appointment of counsel) for the purpose of reviewing drug quantity findings, which defendant now claims are in error. Defendant

contends that a hearing for this purpose is authorized by § 3582(c)(2). Defendant argues further that at resentencing following an evidentiary hearing, the Court may, upon consideration of 18 U.S.C. § 3553(a) factors and the now advisory sentencing guidelines under United States v. Booker, 125 S.Ct. 738 (2005), impose a sentence outside the applicable guideline range.

Defendant is not entitled to a hearing to reconsider drug quantities under these circumstances. The drug quantities applicable to defendant were determined by the original sentencing judge and affirmed by the Tenth Circuit. See United States v. Glover, No. 92-5130, 1993 WL 53575 (10th Cir. Feb. 16, 1993) (unpublished)[1] (upholding individual drug transactions cited in the presentence report and total drug quantity attributable to defendant as 58.5 kilograms of methamphetamine). In application of a retroactive amendment, a district court is to apply the amendment to the original findings of fact to determine if the amendment causes a lowering of defendant's guideline range. Application of Amendment 484 to defendant's case reduced the guideline quantity of methamphetamine from 58.5 kilograms to 50.34 kilograms but, unfortunately for defendant, this reduced quantity provided for the same guideline sentence (see Dkt. # 445, at 7). A § 3582(c) motion is not a de novo resentencing, and does not permit review of previous factual findings. See United States v. Williams, 290 Fed.Appx. 133, 136 (10th Cir. 2008) (noting that a defendant cannot use a § 3582(c)(2) motion to "collaterally attack his sentence" and defendant was attempting to do that because "[b]y challenging the quantity of drugs calculated by the sentencing court, [defendant] is attempting to use his § 3582(c)(2) motion as a vehicle to challenge the substance of, or the proceedings that determined, his original sentence"); see also USSG § 1B1.10,

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

comment (n. 2), directing that in determining the amended guideline range the court shall substitute only the amendment for the corresponding guideline provisions that were applied when the defendant was sentenced. The Court determined that a reduction of sentence was not authorized by § 3582(c) because application of Amendment 484 did not have the effect of lowering defendant's guideline range. Section 3582(c)(2) is not applicable and a hearing as requested by defendant is not authorized.

In a § 3582(c)(2) proceeding a defendant is not entitled to appointment of counsel. See United States v. Olden, 296 Fed.Appx. 671, 674 (10th Cir. 2008) (unpublished)[2] (concluding there is no constitutional right to counsel for the purpose of bringing a § 3582(c)(2) motion). See also United States v. Legree, 205 F.3d at 729-30 (4th Cir. 2000) (finding there is no right to assistance of counsel when pursuing relief under 18 U.S.C. § 3582(c)); United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999); United States v. Reddick, 52 F.3d 462, 464 (2d Cir. 1995). Further, a hearing is not required for consideration of a defendant's § 3582(c) motion. See United States v. Legree, 205 F.3d at 729-30 (4th Cir. 2000) (finding that a judge need not hold a hearing on a motion pursuant to 18 U.S.C. § 3582(c)); United States v. Townsend, 98 F.3d 510, 512-13 (9th Cir. 1996) (concluding district court did not abuse its discretion when it did not hold an evidentiary hearing relative to a § 3582(c) motion); see also Fed.R.Crim.P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding that involves the correction or reduction of sentence under § 3582(c)).

---

[2]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

With respect to defendant's position that Booker is applicable and a variance is permissible, defendant is mistaken. This Court does not have jurisdiction to impose a sentence below the calculated guideline range. A district court's authority to reconsider sentencing may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. See United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). Under the cover of a flawed § 3582(c) motion, defendant wants this Court to reconsider the sentence, and reduce the term pursuant to Booker and § 3553(a) factors. The Court is aware of no statute or rule of criminal procedure that permits such reconsideration. Here again, the Court determined that a reduction of sentence is not authorized by § 3582(c) because the retroactive amendment does not lower defendant's guideline range. Because § 3582(c) does not apply, there is no authority to resentence defendant. Unless a basis for resentencing a defendant falls within § 3582(c), a district court lacks jurisdiction to consider a defendant's request to change a sentence. In United States v. Rhodes, 549 F.3d 833 (10th Cir. 2008), the Tenth Circuit rejected defendant's arguments that Booker is applicable in a § 3582 modification, emphasizing that "there are clear and significant differences between original sentencing proceedings and sentence modification proceedings." Id. at 840. In particular, the Court noted that sentence modification proceedings are governed by a different statute than original sentencing proceedings, and, as a result, "are much more narrow in scope than original sentencing proceedings." Id. In addition, the Circuit held, for several reasons, "that Booker simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2)." Id. Finally, after examining the text of § 3582(c)(2) and the Sentencing Commission's policy statements in USSG § 1B1.10, the Rhodes court held that a district court, in modifying a defendant's sentence, lacks authority to impose a modified sentence that falls below the amended guideline range. Id. at 841.

4

See also United States v. Price, 438 F.3d 1005 (10th Cir. 2006) (holding that Booker itself does not provide requisite authority to reopen sentencing proceedings under § 3582(c)); United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008) (same). Defendant points to the effects of Booker as a basis to reconsider his sentence. However, the Booker decision does not give courts retroactive authority to change sentences, and § 3582(c) does not come into play until there has been a change in the guidelines that affects a defendant's sentence. Thus, defendant's contention that a district court may, under this circumstance, consider Booker and § 3553(a) factors, is erroneous.

**IT IS THEREFORE ORDERED** that defendant's motion to reconsider (Dkt. # 446) is **denied**.

**DATED** this 15th day of April, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT