IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 91-CR-0050-004-CVE |
| v. ) | |
| ) | USM Number: 06799-062 |
| RANDY GLOVER, ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Before the Court is the motion of defendant for reduction of sentence (titled "Jurisprudence") pursuant to 18 U.S.C. § 3582(c) (Dkt. # 448). Defendant cites Amendment 709 as his basis for reduction of sentence. Defendant argues that, subsequent to his sentencing, the United States Sentencing Commission revised the commentary to USSG § 4A1.1 regarding how misdemeanor convictions apply toward calculation of the criminal history category. Defendant contends that consideration of this new definition will result in a reduction of his calculated guideline range. Defendant's motion contains other arguments, to include unspecified allegations the Court committed Fifth, Sixth, and Fourteenth Amendment violations.

In April 1992, defendant was convicted by a jury of conspiracy to manufacture, possess, and distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(a)(viii). In May 1992, defendant was sentenced to the custody of the Bureau of Prisons for a term of 292 months, followed by a five-year term of supervised release. In reaching this sentence, the Court found defendant subject to a total offense level 38 and a criminal history category III, for a sentencing range of 292 to 365 months.

Amendment 709, effective November 1, 2007, addressed two areas of the Chapter Four criminal history rules, and the area alluded to by defendant is how misdemeanor and petty offenses

apply toward calculation of the criminal history score. The amendment addressed concerns that some prior misdemeanor offenses involve conduct not serious enough to warrant increased punishment, that use of these relatively minor crimes adversely and disproportionately affects other guideline applications, and that jurisdictional differences in defining misdemeanor and petty offenses can result in inconsistent application of criminal history points. To alleviate these concerns, the Sentencing Commission revised § 4A1.2(c) by listing specific offenses that score provided a particular sentence was imposed (§ 4A1.2(c)(1)), and those offenses that are never counted (§ 4A1.2(c)(2)). See Guidelines Manual Supplement to Appendix C, pp. 239-240.

Amendment 709 is not listed as a retroactive amendment. See USSG §1B1.10(c). Accordingly, it cannot be considered by a district court on a § 3582(c) motion. See 18 U.S.C. § 3582(c)(2); see also United States v. Peters, 524 F.3d 905, 906 (8th Cir. 2008) (holding that Amendment 709 was not retroactive and the district court was therefore barred from applying it); United States v. Muhammed, 2008 WL 4190786 at *4 (D.N.J. 2008) (finding that because Amendment 709 was not listed in subsection (c) of the relevant policy statement, the court could not consider the effect of the amendment in a motion for relief filed pursuant to § 3582(c)(2)).

Aside from not being retroactive, application of Amendment 709 will not alter defendant's criminal history calculation because none of defendant's prior convictions is of a type listed in § 4A1.2(c). Defendant's misdemeanor convictions consist of third degree assault, aggravated assault and battery, assault, and possession of dangerous drugs (PSR, ¶¶ 40-43). Crimes involving assaultive behavior and possession of controlled substances are not specifically listed, nor are these offense types remotely similar, to the crimes delineated in §§ 4A1.2(c)(1) and (2). Therefore, these crimes may be considered in the calculation of defendant's criminal history score. Each conviction

receives one criminal history point pursuant to § 4A1.1(a), with two points added under § 4A1.1(d), the point total is six, resulting in a criminal history category of III. Even if Amendment 709 were retroactive, its application would not result in a reduction of the defendant's guideline range.

A reduction of a term of imprisonment is not authorized by § 3582(c) if the amendment is not retroactive or if the amendment does not have the effect of lowering a defendant's applicable guideline range. USSG §§ 1B1.10(c) and (a)(2)(B), respectively. As the amendment cited by defendant is not retroactive and the facts establish that defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission by virtue of Amendment 709, this Court is without jurisdiction to consider a reduction of sentence under § 3582(c). See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996).

As for defendant's argument that Fifth, Sixth, and Fourteenth Amendment infractions occurred, these factors have nothing to do with a retroactive sentencing guideline amendment and this Court's authority to consider modification of sentence under § 3582(c). A district court's authority to reconsider sentencing may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). Modification proceedings under § 3582(c)(2) are narrow in scope and the statute's plain language only authorizes consideration of an amended guideline and applicable policy statements. See United States v Rhodes, 549 F.3d 833, 840 (10th Cir. 2008); United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for resentencing falls within one of the specific categories authorized by § 3582(c), the district court lacks jurisdiction to consider defendant's request).

**IT IS THEREFORE ORDERED** that defendant's motion for reduction of sentence (titled "Jurisprudence") pursuant to 18 U.S.C. § 3582(c) (Dkt. # 448), is **dismissed for lack of jurisdiction**.

**DATED** this 31st day of August, 2010.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE